# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2016

## JOHN N. MOFFITT v. GRADY PERRY, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-15-CR-113     Joseph H. Walker, III, Judge**

---

**No. W2015-01763-CCA-R3-HC  -  Filed March 24, 2016**

---

The petitioner, John N. Moffitt was sentenced on September 15, 2014, to four years in the Department of Correction for reckless aggravated assault.  He filed a pro se petition for writ of habeas corpus, claiming that his indictment was so defective that his restraint was unlawful.  We affirm the dismissal of his habeas corpus petition, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

John N. Moffitt, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Caitlin Smith, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The issues raised in the petitioner's direct appeal were his claims that the evidence was insufficient to sustain either his conviction or the amount of the restitution order and that the trial court erred both in instructing the jury and in sentencing.  This court affirmed the petitioner's conviction and sentence but reduced the amount of restitution. State v. John N. Moffitt, No. W2014-02388-CCA-R3-CD, 2016 WL 369379, at *1 (Tenn. Crim. App. Jan. 29, 2016).  In a pro se petition for writ of habeas corpus, filed while his direct appeal still was pending, he added the new claim that the indictment charging him with aggravated assault was fatally defective.

In brief, the petitioner's conviction for reckless aggravated assault resulted from his cutting the victim with a pocketknife as the petitioner was arguing with the landowner and the victim, who was doing repair work on a fence. The petitioner admitted cutting the victim with the pocketknife, which was taken from him at the time of his arrest, but claimed that he had acted in self-defense after the victim had attacked him with a tripod tool. Id. at *2. Counsel for the petitioner neither made a pretrial claim that the indictment was deficient nor objected to it at trial.

The petitioner's indictment alleged as follows:

[O]n or about May 16, 2013, in Henderson County, Tennessee, and before the finding of this indictment, [the petitioner] did intentionally and/or knowingly cause bodily injury to STEVEN ROY PHELPS by the use of a deadly weapon, to-wit: a knife, a more particular description of which to the Grand Jurors aforesaid is unknown, in violation of T.C.A. § 39-13-102, all of which is against the peace and dignity of the State of Tennessee.

As to these charges, the petitioner claimed in his habeas corpus petition that "[t]he indictment does not withstand constitutional muster because it fails to state the essential elements of the charged offense (Aggravated Assault) of the convicted offense (Reckless Aggravated Assault)." The petitioner does not add to this brief statement any information regarding exactly what language was missing from the indictment.

We will review these claims.

Assault is defined as:

(a) A person commits assault who:

(1) Intentionally, knowingly or recklessly causes bodily injury to another;

(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or

(3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39-13-101(a).

2

Sections 39-13-102(a)(1)(A)(i)-(iv) and (B)(i)-(iii) provide that a person commits aggravated assault who:

>    (A) Intentionally or knowingly commits an assault as defined in § 39-13-101, and the assault:

>    (i) Results in serious bodily injury to another;

>    (ii) Results in the death of another;

>    (iii) Involved the use or display of a deadly weapon; or

>    (iv) Involved strangulation or attempted strangulation; or

>    (B) Recklessly commits an assault as defined in § 39-13-101(a)(1), and the assault:

>    (i) Results in serious bodily injury to another;

>    (ii) Results in the death of another; or

>    (iii) Involved the use or display of a deadly weapon.

In brief, the indictment alleged that on or about May 16, 2013, in Henderson County, the petitioner intentionally and/or knowingly, using a knife, caused bodily injury to Steven Roy Phelps. As we understand, the petitioner claims that the indictment was defective because it did not allege (1) that the defendant committed an assault, (2) which resulted in serious bodily injury, (3) and that he used or displayed a deadly weapon. This argument overlooks the fact that the indictment specifically alleges that the petitioner violated the aggravated assault statute, Tennessee Code Annotated section 39-13-102. Further, the petitioner mistakenly believes that the aggravated assault statute requires both that the victim sustained serious bodily injury and the petitioner used or displayed a deadly weapon. However, the law is clear that this statute is read in the disjunctive, meaning either that the victim sustained serious bodily injury or the petitioner used or displayed a deadly weapon. As this court explained in State v. Charles Edward Wagner, No. E2012-01144-CCA-R3-CD, 2014 WL 60971, at *17 (Tenn. Crim. App. Jan. 8, 2014), perm. app. denied (Tenn. Sept. 18, 2014):

>    [A] conviction for aggravated assault may be predicated upon either serious bodily injury or use or display of a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1)(A)(i), (ii). The statutory elements listed in subsection

3

(a)(1)(A) are disjunctive. The State indicted appellant for use or display of a deadly weapon. Id. § -102(a)(1)(A)(ii). Thus, the State was not required to prove that the victim suffered serious bodily injury to sustain a conviction for this offense.

Accordingly, we conclude that the indictment is not defective and affirm the denial of relief to the petitioner.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

4